# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARCISSA THOMAS, | 1:18-cv-00211-LJO-BAM |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| SELECT PORTFOLIO SERVICING, INC.; CITIBANK, N.A., | (ECF Nos. 7, 12, 13) |
| Defendants. | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. Chief District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Chief Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer

1

reset to a later date if Chief Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the Nation to serve as visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. **INTRODUCTION**

On January 9, 2018, Plaintiff Narcissa Thomas ("Plaintiff" or "Thomas") filed suit against Defendants Select Portfolio Servicing, Inc. ("SPS") and Citibank, N.A. ("Citibank")[1] (collectively "Defendants") in the Superior Court of California, County of Stanislaus. ECF No. 1. On February 9, 2018, Defendants removed the action to the Eastern District of California. On February 16, 2018, Defendants moved to dismiss the complaint and Plaintiff responded by filing a first amended complaint ("FAC") on March 2, 2018. ECF Nos. 4-5. Plaintiff's FAC alleges three causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692e; (2) violation of California Civil Code § 2966 ("CCP § 2966"); and (3) violation of California Business and Professions Code §10241.4 ("CBPC §10241.4"). ECF No. 5.

Defendants again moved to dismiss all claims in the FAC on March 16, 2018. ECF No. 7. On April 16, 2018, Plaintiff filed an opposition, ECF No. 12, and Defendants replied on April 23, 2018. ECF No. 13. The matter was taken under submission on the papers pursuant to Local Rule 230(g). For reasons set forth below, Defendants' motion to dismiss is GRANTED WITH LEAVE TO AMEND.

---

[1] Defendant Citibank notes that it was erroneously sued as "Citibank, N.A." and that the proper Defendant is Citibank, N.A., as Trustee, in trust for registered Holders of WaMu Asset-Backed Certificates WaMu Series 2007-HE3 Trust. ECF No. 1 at 1.

## III. **FACTUAL BACKGROUND**[2]

In November 2001, Thomas purchased a property located at 4725 E. Via Fiori, Modesto, California and obtained a loan to finance the purchase. FAC ¶¶ 8-9. On or around February 16, 2007, Plaintiff refinanced the loan on the property and obtained a 30-year fixed rate loan from Washington Mutual Bank for $340,000. FAC ¶ 10.[3] In or around May 2009, Washington Mutual assigned the beneficial interest in the deed of trust and the promissory note to Defendant Citibank and Chase Home Finance, LLC began servicing the loan at that time. FAC ¶ 12. On or around April 2010, Plaintiff entered into a loan modification agreement with Chase Home Finance, LLC. FAC ¶ 13. The modification provided a new principal balance of $380,329.65, deferred a portion of the principal balance as non-interest bearing, varied the interest rate and payments, waived unpaid late charges, and suspended foreclosure activities. *Id.*; ECF No. 1-1 at 18-22. The maturity date under the loan modification is March 1, 2037. ECF No. 1-1 at 18. Additionally, the loan modification agreement states the following:

> If the Loan Documents currently provide for a balloon, the Balloon Amount resulting from this modification may be different. The balloon payment of $206,381.36 will be due on the maturity date unless due earlier in accordance with Section 2.D.

ECF No. 1-1 at 19-20. Plaintiff alleges that the modification "did not include any clear and conspicious [*sic*] language informing Plaintiff that there would be an additional balloon payment of $206,381.36 due on the maturity" and did not provide Plaintiff with an

---

[2] The following facts are drawn from Plaintiff's FAC in this matter, and are accepted as true only for the purpose of this motion to dismiss. *See OSU Student All. v. Ray*, 699 F.3d 1053, 1058 (9th Cir. 2012).

[3] The FAC indicates that the deed of trust, the promissory note, and the loan modification agreement are attached as Exhibits A-C but no such attachments were filed with the amended complaint. FAC ¶¶ 10, 13. The original complaint attached only two exhibits: the note dated February 16, 2007 and the loan modification agreement dated April 1, 2010. ECF No. 1-1 at 12, 17. The Court is not in receipt of the deed of trust despite the FAC indicating it is attached. FAC ¶ 10. References to the loan modification agreement are to the original complaint's attachments. ECF No. 1-1 at 18-22.

amortization schedule. FAC ¶ 14. Furthermore, Plaintiff alleges "since Plaintiff's Loan Documents did not provide for a Balloon Payment, Plaintiff did not believe that this [balloon payment] provision applied to her" and that she "accepted the modification agreement because she was unaware of the Balloon Payment." *Id.*

In approximately 2015, the servicing of Plaintiff's loan transferred to Defendant SPS and SPS allegedly assumed all the liabilities of the prior servicer, Chase Home Finance. FAC ¶ 15. Plaintiff alleges that both Defendants SPS and Citibank are "diversified financial marketing . . . corporation[s] engaged primarily in residential mortgage banking and/or related business[es]," and that SPS is currently the servicer of Plaintiff's loan and Citibank is the beneficiary of the loan. FAC ¶¶ 5-6.

Plaintiff claims that Defendants "are attempting to enforce a balloon payment provision in a Note that was never disclosed to Plaintiff," that the loan modification was misleading and deceptive in that it changed a key term – the time period of amortization for her loan, and that Defendants failed to provide Plaintiff with statutorily required disclosure language of the balloon payment. FAC ¶ 1. Plaintiff further alleges that she did not learn of the allegedly deceptive balloon payment provision until November 2017 when she sought the assistance of an attorney to review Plaintiff's loan and that she could not have discovered the provision sooner because the loan documents were unclear. FAC ¶ 16.[4]

### IV. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable

---

[4] Defendants' motion to dismiss was accompanied by a request for judicial notice of a number of documents including notices of default, notices of trustee's sale, and court dockets from three bankruptcy petitions relating to Plaintiff. ECF No. 8. Plaintiff did not oppose the request. However, the Court finds that consideration of these documents is not necessary to making a determination on the current motion and therefore denies the request as moot.

4

legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. In other words, the complaint must

describe the alleged misconduct in enough detail to lay the foundation for an identified legal claim.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## V. DISCUSSION

As noted above, the FAC contains three causes of action: (1) SPS's violation of the FDCPA, specifically 15 U.S.C. § 1692e; (2) Defendants' violation of CCP § 2966; and (3) Defendants' violation of CBPC § 10241.4. Defendants move to dismiss the three causes of action. Defendants argue that the FDCPA and § 2966 claims are time-barred and fail to state a claim against Defendants. Defendants further argue that the § 10241.4 claim fails because the disclosure requirements thereunder apply only to real estate brokers who act as lenders, and it is evident from the FAC that neither Defendant is a person regulated by the provision. ECF No. 7 at 1-2. Plaintiff's opposition only addresses the first cause of action under the FDCPA and the Court assumes Plaintiff does not oppose dismissal of the state law claims.

### A. Plaintiff's FDCPA Claim Under 15 U.S.C. § 1692e Against SPS

With respect to the FDCPA claim against SPS, Defendants argue the claim is time-barred and otherwise fails to state a claim for relief. ECF No. 7 at 6-8. The Court agrees. First and foremost, Plaintiff does not allege any facts which implicate the protections of the FDCPA. The FDCPA is meant to protect against abusive debt collection practices *by debt collectors while attempting to collect a debt*. *Rich v. Bank of Am., N.A.*, 666 F. App'x 635, 639 (9th Cir. 2016) (FDCPA "regulates the conduct of debt collectors with the goal of 'eliminat[ing] abusive debt collection practices by debt collectors.'") (quoting 15 U.S.C. § 1692(e)); *Vien-Phuong Thi Ho v. ReconTrust Co., NA*, 858 F.3d 568, 571 (9th Cir.), *cert. denied sub nom. Ho v. ReconTrust Co.*, 138 S. Ct. 504 (2017) ("The FDCPA subjects 'debt collectors' to civil

damages for engaging in certain abusive practices *while attempting to collect debts*") (emphasis added). The allegations in the FAC only relate to statements contained in or omitted from the loan modification agreement which Plaintiff alleges violated the FDCPA. FAC ¶ 21. However, the loan modification agreement in and of itself is not a debt collection as covered by the FDCPA. "The FDCPA imposes liability *only when* an entity is attempting to collect debt." *Vien-Phuong Thi Ho*, 858 F.3d at 571 (emphasis added). Plaintiff's allegations do not relate to any sort of debt collection practice by a debt collector.

Plaintiff alleges a claim specifically pursuant to 15 U.S.C. § 1692e and alleges that Chase Home Finance, whose liabilities SPS assumed, sent "Plaintiff communications (namely the modification agreement) that misrepresented the character and legal status of Plaintiff's debt." FAC ¶ 21; *see* 15 U.S.C § 1692e(2)(A). The alleged "miscommunications *in the modification* include, but are not limited to, (1) the failure to include an explanation as to how the balloon payment was calculated, (2) the failure to provide an amortization schedule, and (3) the failure to inform Plaintiff about the existence of a balloon payment at maturity." *Id.* (emphasis added). 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation in connection with the collection of any debt." This section is applicable only to entities which satisfy the FDCPA's definition of a "debt collector," which is "any person who uses . . . interstate commerce or the mails in any business the principal purpose of which is the collection of any debt, or who regularly collects of attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).[5] Plaintiff appears to be alleging that Defendant violated §

---

[5] Besides a conclusory statement that Defendant SPS is a debt collector, FAC ¶ 20, the complaint does not allege any facts to support the contention. *Fiorilli v. Wells Fargo Bank, N.A.*, No. C-14-CV-00557 (DMR), 2014 WL 5454396, at *2 (N.D. Cal. Oct. 27, 2014) (allegation that Defendant is a "debt collector" under the FDCPA is a "conclusory assertion [and] is insufficient because Plaintiff must plead the 'factual content' necessary to support a reasonable inference that Defendant is a 'debt collector'"). Nor does the FAC allege facts which meet the definition of a debt collector under the statute. *Bever v. Cal-W. Reconveyance Corp.*, No. 1:11-CV-1584 AWI

1692e(2)(A) because the loan modification agreement did not specifically disclose the balloon payment. FAC ¶ 21. Section 1692e(2)(A) specifically provides that it is a violation of the section to make a "false representation of -- (A) the character, amount, or legal status of any debt . . . ." However, Plaintiff fails to allege facts to show that Defendant SPS made a false representation of the character, amount, or legal status of any debt *in connection with the collection of a debt*. *See* 15 U.S.C. § 1692e. Instead, Plaintiff is alleging that when she read the loan modification agreement she believed that the balloon payment provision was not applicable to her until she consulted an attorney in 2017, somehow making her misreading of the agreement a "false representation" by SPS or its predecessor in interest. This is not a cognizable legal theory under the FDCPA and the Plaintiff does not point to any legal authority which indicates the FDCPA has been applied to claims such as Plaintiff's or with respect to loan modification terms in general.

Even if Plaintiff's loan modification agreement could somehow provide the basis for a FDCPA claim (and she had otherwise properly alleged a claim) it would be barred by the

---

SKO, 2018 WL 827707, at *3 (E.D. Cal. Feb. 12, 2018) ("[T]here are no allegations that CWR regularly attempts to collect debts owed to another or that CWR's principal business is debt collection, which is a necessary condition to being a debt collector under the FDCPA's general definition") (citing 15 U.S.C. § 1692a(6)). Instead, the FAC alleges that SPS is the current servicer for Plaintiff's loan, however, this does not constitute a debt collector for the purposes of the FDCPA. *Okada v. Green Tree*, No. C-10-0487 JCS, 2010 WL 1573781, at *3 (N.D. Cal. Apr. 19, 2010) ("It is well-established that [FDCPA] applies to 'debt collectors,' as that term is defined under 15 U.S.C. § 1692a, and that a loan servicer is not a 'debt collector' under the FDCPA") (collecting cases). "[O]ne important factor in determining whether a 'mortgage servicing company' is a 'debt collector' is whether 'the debt was [ ] in default at the time it was assigned.'" *Hoilien v. OneWest Bank, FSB*, No. CV. 11-00357 DAE-RLP, 2012 WL 1379318, at *16 (D. Haw. Apr. 20, 2012) (internal citation omitted). The complaint does not provide any factual basis on which the Court can plausibly infer that the principal purpose of SPS's business is debt collection or that SPS otherwise meets the FDCPA's definition of debt collector, nor is there any factual content in the FAC concerning default. *See Schlegel v. Wells Fargo Bank, NA*, 720 F.3d 1204, 1209-10 (9th Cir. 2013) (dismissing FDCPA claim because complaint did not plausibly allege that Defendant was a debt collector under § 1692a(6)).

8

applicable statute of limitations. The FDCPA requires that any action be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The allegedly violative conduct involves representations made in her 2010 loan modification agreement and Plaintiff did not file her complaint until 2018. Plaintiff alleges that despite reading the balloon payment provision in 2010, she did not believe the provision applied to her since her original loan did not have such a provision. FAC ¶¶ 14, 16. This does not provide a sufficient justification for the almost eight year delay.

The statute of limitations begins to run when a cause of action accrues, and generally a cause of action accrues on the date of the injury. *Bernson v. Browning-Ferris Indus.*, 7 Cal. 4th 926, 931 (1994); *see also Glover v. F.D.I.C.*, 698 F.3d 139, 149-50 (3d Cir. 2012) (affirming dismissal of FDCPA claim as time-barred and finding mortgagor's claim for violation of the FDCPA accrued, and one-year statute of limitations began to run, on date loan modification agreement was signed). The general rule of accrual of an action is modified by the discovery rule, which Plaintiff appears to be vaguely referencing with her allegation that she was unable to discover the misrepresentation at an earlier date. FAC ¶¶ 16, 22.[6] "[U]nder the doctrine of delayed discovery, accrual is delayed until the plaintiff discovers or should have discovered, through the exercise of reasonable diligence, all the facts essential to the cause of action." *Gutierrez v. PNC Mortg.*, No. 10CV01770 AJB RBB, 2012 WL 1033063, at *3 (S.D. Cal. Mar. 26, 2012) (internal citation omitted). However, the discovery rule does not salvage Plaintiff's claim here because she fails to sufficiently allege, in more than a conclusory manner, why she could not have discovered the balloon payment provision earlier and offers no justification for delaying accrual of the statute of limitations. *See, e.g.*, *id.* ("[T]he discovery rule does not salvage Plaintiff's claim because Plaintiff fails to sufficiently allege why he could not have discovered the alleged wrongdoing earlier. Any claims that he lacked access to the

---

[6] *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1170 (9th Cir. 2016) (observing that "the discovery rule applies in an FDCPA action").

9

publicly recorded loan documents or that he failed to read his loan documents would be insufficient").[7]

Plaintiff's opposition does not actually address the timeliness issue. Instead, Plaintiff's opposition argues that her claim is not time-barred because SPS "to this day continues to send Plaintiff demands for payment on a monthly basis wherein it is attempting to enforce the terms of the modification" and requests leave to amend to "specifically allege the communications from SPS that she received within 1 year of filing this action wherein Defendant SPS continues to attempt to collect a debt and, in doing so, it mischaracterizes the debt by failing to inform Plaintiff that there will be a balloon payment (other than the Deferred Principal balance) owed at maturity." ECF No. 12 at 5. To the extent the Plaintiff believes any other conduct by Defendant SPS violated the FDCPA, that conduct has not been pled in the FAC. Nor does Plaintiff's opposition provide any authority for the proposition that "failing to inform Plaintiff that there will be a balloon payment" in more recent communications constitutes a "mischaracterization" of the debt.

The allegations in the FAC currently do not constitute any sort of debt collection practice by a debt collector, let alone allege a prohibited debt collection practice under the FDCPA. Nor does Plaintiff's misunderstanding of the applicability of the balloon payment provision in her loan modification agreement constitute an abusive debt collection practice even if appropriate disclosures were not provided in the agreement. *See, e.g.*, *McMillan v. Bank of Am., N.A.*, No. 14CV1575-MMA BLM, 2015 WL 1942743, at *14 (S.D. Cal. Apr. 15, 2015)

---

[7] Plaintiff's contention that she could not have discovered the balloon payment provision in her modification *applied to her* until November 2017, when she consulted a lawyer, is untenable. *See 24 Hour Fitness, Inc. v. Superior Court,* 66 Cal. App. 4th 1199, 1215 (1998) (noting the general rule that the exercise of "reasonable diligence requires the reading of a contract before signing it"); *Hedging Concepts, Inc. v. First All. Mortg. Co.*, 41 Cal. App. 4th 1410, 1421 (1996), *as modified on denial of reh'g* (Feb. 22, 1996) (courts will not set aside contractual obligations "merely because one of the parties claims to have been ignorant of, or to have misunderstood, the provisions of the contract"). Additionally, "[l]ack of knowledge alone is not sufficient to stay the statute [of limitations]." *Bernson*, 7 Cal. 4th at 936.

("[loan servicer's] loan modification offer is more debt servicing than debt collection," and dismissing FDCPA claim for failure to establish that defendant was "collecting a debt" under the FDCPA). Furthermore, the loan modification containing the alleged misrepresentations was entered into in 2010 and any purported FDCPA claim from alleged misrepresentations contained therein would be barred by the statute of limitations.

The Court is hesitant to grant Plaintiff leave to amend given the FAC's serious deficiencies in stating a cognizable FDCPA claim. In an abundance of caution, however, the Court will grant Plaintiff leave to amend. The Court cautions Plaintiff to thoroughly research the law, take note of the deficiencies of the FAC highlighted herein, and consider whether they can be cured before electing to amend. Furthermore, the Court warns that a claim under the FDCPA must involve the actual collection of a debt by a debt collector as defined in the statute. *See, e.g.*, *Thompson v. Nationstar Mortg. LLC*, No. 17-CV-02864-DMR, 2017 WL 3232549, at *4 (N.D. Cal. July 31, 2017) (holding that sending notice of trustee's sale does not create liability under FDCPA because FDCPA only imposes liability when an entity is attempting to collect a debt, and "[s]ince the word 'debt' is synonymous with 'money,' a debt collector would only be liable [under the FDCPA] if it attempted to collect money from [the borrower]") (internal quotations omitted); *Fitzgerald v. Bosco Credit, LLC*, No. 16-CV-01473-MEJ, 2017 WL 3602482, at *6 (N.D. Cal. Aug. 21, 2017) (communication that informed plaintiff about the "the amount of debt, provide[d] a breakdown of the debt, and explain[ed] how he may pay the debt" did not constitute a "demand for payment" and complaint therefore insufficiently alleged Defendant "engaged in debt collection activities" as required by 15 U.S.C. §1692e); *Lampshire v. Bank of Am., NA*, No. 6:12-CV-1574-AA, 2013 WL 1750479, at *3 (D. Or. Apr. 20, 2013) ("[U]nder the FDCPA, a document that does not demand payment but simply informs the borrower of the status of an account is not considered a communication in connection with the collection of any debt") (internal quotation omitted).

Accordingly, Defendants motion to dismiss the FDCPA claim is GRANTED WITH LEAVE TO AMEND.

### B. Plaintiff's State Law Claims For Violations of CCP § 2966 And CBPC § 10241.4

The FDCPA claim provided the sole basis for federal subject matter jurisdiction, and the remaining causes of action are state law causes of action. Plaintiff did not bother to oppose dismissal of the state law causes of action under CCP § 2966 and CBPC §10241.4. As the parties are not diverse in citizenship, the Court's jurisdiction over the state-law claims is supplemental. *See* 28 U.S.C. § 1367(a). "[D]istrict courts may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Given that this case is at an early stage of the proceedings, the Court anticipates that it will not exercise supplemental jurisdiction over Plaintiff's state claims unless they are accompanied by at least one viable federal claim. *See Carnegie-Mellon Univ.*, 484 U.S. at 350 (holding that "[w]hen the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice"); *see also United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law"); *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir. 1991) ("[I]t is generally preferable for a district court to remand remaining pendent claims to state court . . . .").

Accordingly, because it remains wholly unclear whether Plaintiff can assert a viable federal cause of action, the Court will defer ruling on the pending motion as to Plaintiff's second and third causes of action until Plaintiff has exhausted her opportunity to amend the

FDCPA claim. The parties are informed that the Court is unlikely to exercise supplemental jurisdiction over the state law claims in this case if no federal cause of action persists.

## VI. <u>CONCLUSION AND ORDER</u>

For the reasons set forth above, Defendants' motion to dismiss the FDCPA claim (first cause of action) is GRANTED WITH LEAVE TO AMEND. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and defers ruling on the motion to dismiss such claims. Plaintiff shall file any amended complaint within twenty (20) days of electronic service of this Memorandum Decision and Order.

<u>IT IS SO ORDERED.</u>

Dated:   **May 24, 2018**                **/s/ Lawrence J. O'Neill**
                                                             UNITED STATES CHIEF DISTRICT JUDGE