# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NARCISSA THOMAS,** | Case No. 1:18-cv-00211-BAM |
| **Plaintiff,** | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |
| **v.** | (ECF No. 25) |
| **SELECT PORTFOLIO SERVICING, INC.; CITIBANK, N.A.,** | |
| **Defendants.** | |

## I. INTRODUCTION

On January 9, 2018, Plaintiff Narcissa Thomas ("Plaintiff") filed this action against Defendants Select Portfolio Servicing, Inc. ("Select Portfolio") and Citibank, N.A. ("Citibank")[1] in the Superior Court of California, County of Stanislaus. (ECF No. 1.) Defendants removed the action to this Court on February 9, 2018. (Id.)

On February 16, 2018, Defendants moved to dismiss the complaint and Plaintiff responded with a first amended complaint. (ECF Nos. 4, 5.) The first amended complaint alleged three causes of action: (1) violation of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692e; (2) violation of California Civil Code § 2966 ("CCP § 2966"); and (3) violation of California Business and Professions Code §10241.4 ("CBPC §10241.4"). (ECF No. 5.)

---

[1] Citibank notes that it was erroneously sued as "Citibank, N.A." and that the proper name Citibank, N.A., as Trustee, in trust for registered Holders of WaMu Asset-Backed Certificates WaMu Series 2007-HE3 Trust. (ECF No. 1 at 1.)

1

Defendants again moved to dismiss Plaintiff's claims as asserted in the first amended complaint on March 16, 2018. (ECF No. 7.) Following briefing, on May 24, 2018, the then-assigned district judge granted the motion to dismiss Plaintiff's FDCPA claim with leave to amend, but declined to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims and deferred ruling on the motion to dismiss such claims. The court directed Plaintiff to file any amended complaint within twenty (20) days. In granting leave to amend, however, the district court cautioned as follows:

> The Court is hesitant to grant Plaintiff leave to amend given the FAC's serious deficiencies in stating a cognizable FDCPA claim. In an abundance of caution, however, the Court will grant Plaintiff leave to amend. The Court cautions Plaintiff to thoroughly research the law, take note of the deficiencies of the FAC highlighted herein, and consider whether they can be cured before electing to amend. Furthermore, the Court warns that a claim under the FDCPA must involve the actual collection of a debt by a debt collector as defined in the statute. *See, e.g., Thompson v. Nationstar Mortg. LLC*, No. 17-CV-02864-DMR, 2017 WL 3232549, at *4 (N.D. Cal. July 31, 2017) (holding that sending notice of trustee's sale does not create liability under FDCPA because FDCPA only imposes liability when an entity is attempting to collect a debt, and "[s]ince the word 'debt' is synonymous with 'money,' a debt collector would only be liable [under the FDCPA] if it attempted to collect money from [the borrower]") (internal quotations omitted); *Fitzgerald v. Bosco Credit, LLC*, No. 16-CV-01473-MEJ, 2017 WL 3602482, at *6 (N.D. Cal. Aug. 21, 2017) (communication that informed plaintiff about the "the amount of debt, provide[d] a breakdown of the debt, and explain[ed] how he may pay the debt" did not constitute a "demand for payment" and complaint therefore insufficiently alleged Defendant "engaged in debt collection activities" as required by 15 U.S.C. §1692e); *Lampshire v. Bank of Am., NA*, No. 6:12-CV-1574-AA, 2013 WL 1750479, at *3 (D. Or. Apr. 20, 2013) ("[U]nder the FDCPA, a document that does not demand payment but simply informs the borrower of the status of an account is not considered a communication in connection with the collection of any debt") (internal quotation omitted).

(ECF No. 16. at 11.)

On June 13, 2018, Plaintiff filed a second amended complaint ("SAC") limited to a single cause of action for violation of the FDCPA, specifically 15 U.S.C. 1692e, against Defendant Select Portfolio. (ECF No. 19.) On July 11, 2018, Defendant Select Portfolio and Citibank moved to dismiss Plaintiff's sole claim in the second amended complaint. (ECF No. 25.) Plaintiff opposed the motion on August 6, 2018, and Defendant Select Portfolio and Citibank replied on August 10, 2018. (ECF Nos. 31, 34.)

On August 17, 2018, the Court held a hearing on the motion to dismiss the second amended complaint before Magistrate Judge Barbara A. McAuliffe. Counsel Sarah E. Shapero

appeared by telephone on behalf of Plaintiff Narcissa Thomas. Counsel Tiffanie Chantelle de la Riva appeared by telephone on behalf of Defendant Select Portfolio and Citibank.

Having considered the moving, opposition, and reply papers, along with oral argument, and for the reasons set forth below, Defendants' motion to dismiss the second amended is HEREBY GRANTED without leave to amend.

## II. FACTUAL BACKGROUND[2]

In November 2001, Plaintiff purchased property located at 4275 E. Via Fiori in Modesto, California and obtained a loan to secure financing for the property. (SAC ¶¶ 7-8.) On or around February 16, 2007, Plaintiff refinanced the loan on the property and obtained a 30-year fixed rate loan from Washington Mutual Bank in the amount of $340,000. (SAC ¶ 9.) On or around May 2009, Washington Mutual Bank assigned all beneficial interest in the deed of trust and promissory note to Citibank. Chase Home Finance, LLC began servicing the loan on behalf of Citibank. (SAC ¶ 11.) On or around April 1, 2010, Plaintiff entered into a loan modification agreement with Chase Home Finance, LLC. (SAC ¶ 12.)[3] The modification provided a new principal balance of $380,329.65, deferred a portion of the principal balance as non-interest bearing, varied the interest rate and payments, waived unpaid late charges, and suspended foreclosure activities. (SAC ¶ 12; ECF No. 1-1 at pp. 18-19.) The maturity date under the loan modification is March 1, 2037. (ECF No. 1-1 at 18.) Additionally, the loan modification agreement states as follows:

> If the Loan Documents currently provide for a balloon, the Balloon Amount resulting from this modification may be different. The balloon payment of $203,381.36 will be due on the maturity date unless due earlier in accordance with Section 2.D.

(SAC ¶ 13; ECF No. 1-1 at 19-20.) Plaintiff alleges the modification agreement "did not include any clear and conspicious [*sic*] language informing Plaintiff that there would be an additional balloon payment of $206,381.36 due on the maturity date" and did not provide Plaintiff with an

---

[2] The facts are derived from Plaintiff's second amended complaint and referenced exhibits.
[3] The SAC indicates that the loan modification agreement is attached as Exhibit A, but no such attachment was filed with the amended complaint. (SAC ¶ 12.) However, the original complaint attached the modification agreement dated April 1, 2010 (ECF No. 1-1 at Exhibit B.) Thus, references to the loan modification agreement are to the original complaint's attachments. (ECF No. 1-1 at 18-22).

3

amortization schedule. (SAC ¶ 13.) Plaintiff further alleges "since Plaintiff's Loan Documents did not provide for a Balloon Payment, Plaintiff did not believe that this [balloon payment] provision applied to her" and that she "accepted the modification agreement because she was unaware that it contained a Balloon Payment." (Id.)

In approximately 2015, the servicing of Plaintiff's loan transferred to Defendant Select Portfolio. (SAC ¶ 14.) After assuming servicing of the loan, Defendant Select Portfolio began sending Plaintiff monthly mortgage statements on or around the 13th of each month, and continued to send a monthly mortgage statement until November 15, 2017. In each statement, Defendant Select Portfolio identified Plaintiff's interest bearing principal, deferred principal, and outstanding principal. Each statement also stated that the "Deferred Principal balance . . . will be due as a final balloon payment on the earlier of (1) payoff of the Interest Bearing Principal balance, or (b) maturity date of the mortgage loan." (SAC ¶ 15.) Plaintiff alleges that none of the monthly billing statements stated that an additional balloon payment in the amount of $206,381.36 also would be due at maturity or that there would be any monies due at maturity other than the Deferred Principal balance. Plaintiff also asserts that in each monthly billing statement, Defendant Select Portfolio demanded that Plaintiff make a payment on the loan and included a monthly payment coupon with the amount due and the address to which Plaintiff was to make her monthly payment. (Id.)

Plaintiff alleges that because of Defendant Select Portfolio's "confusing and misleading monthly statements that omitted any reference to a balloon payment owed (other than the deferred principal balance that was specifically mentioned), Plaintiff did not know that the Balloon Payment provision in her note applied to her loan until approximately November 2017." (Id. at ¶ 16.) Until that time, Plaintiff reportedly believed that the qualifying language before the balloon payment amount meant that the Balloon Payment only applied if the original loan had a balloon payment. As the original loan did not have a balloon payment, Plaintiff believed that the provision did not apply. Plaintiff contends that she learned about the Balloon Payment in her note only after she sought the assistance of an attorney to review her loan in November 2017. Plaintiff further contends that she could not have discovered this provision earlier because the

1 monthly statements from Defendant Select Portfolio did not disclose the balloon payment due at maturity although it did mention the deferred principal balance of $40,000 that would be due at maturity. (Id.)

Plaintiff asserts that she now understands that, on or before March 1, 2037, when the balloon payment becomes due, she will need to obtain a new loan in order to finance the balloon payment. Plaintiff will be 71 years old when the balloon payment becomes due and she has no way of knowing whether she will be able to obtain the financing needed to pay it off. (Id. at ¶ 17.) Plaintiff further asserts that each month Defendant Select Portfolio sent her a monthly statement that did not disclose the existence of the balloon payment is actionable under the FDCPA. (Id. at ¶ 18.)

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility

that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; see also Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." Twombly, 550 U.S. at 562.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." Kendall v. Visa U.S.A., Inc., 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

### IV. DISCUSSION[4]

The FDCPA is meant to protect against abusive debt collection practices by debt collectors while attempting to collect a debt. Rich v. Bank of Am., N.A., 666 F. App'x 635, 639 (9th Cir. 2016) (FDCPA "regulates the conduct of debt collectors with the goal of 'eliminat[ing] abusive debt collection practices by debt collectors.'") (quoting 15 U.S.C. § 1692(e)); Vien-Phuong Thi Ho v. ReconTrust Co., NA, 858 F.3d 568, 571 (9th Cir.), cert. denied sub nom. Ho v. ReconTrust Co., 138 S. Ct. 504 (2017) ("The FDCPA subjects 'debt collectors' to civil damages for engaging in certain abusive practices while attempting to collect debts"). To state a claim under the FDCPA, "a plaintiff must allege facts that establish the following: (1) the

---

[4] Defendant Select Portfolio and Citibank ask the Court to take judicial notice of a variety of documents. (ECF. No. 26.) The documents are not necessary to reach a determination on the pending motion. Accordingly, the request for judicial notice shall be denied as moot.

plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a 'debt collector' under the FDCPA; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." Pratap v. Wells Fargo Bank, N.A., 63 F.Supp.3d 1101, 1113 (N.D. Cal. 2014), quoting Gomez v. Wells Fargo Home Mortg., 2011 WL 5834949, at *5 (N.D. Cal. Nov. 21, 2011).

Although neither party fully addresses the issue, Plaintiff's amended complaint fails to correct a critical pleading deficiency identified by the district judge; that is, Plaintiff again fails to allege facts to support a contention that Defendant Select Portfolio is a "debt collector" as defined by the FDCPA. Generally, a loan servicer, such as Defendant Select Portfolio, is not a "debt collector" for purposes of the FDCPA. Okada v. Green Tree, No. C-10-0487 JCS, 2010 WL 1573781, at *3 (N.D. Cal. Apr. 19, 2010) ("It is well-established that [FDCPA] applies to 'debt collectors,' as that term is defined under 15 U.S.C. § 1692a, and that a loan servicer is not a 'debt collector' under the FDCPA") (collecting cases); see also Thompson, 2017 WL 3232549, at *3 (N.D. Cal. July 31, 2017) (noting that numerous courts within the Ninth Circuit have held that a loan servicer is not a debt collector under the FDCPA). Indeed, a debt collector does not include a loan servicer as long as the loan was not in default when it was assigned to the loan servicer. Tonini v. Bank of Am., N.A., No. 12-cv-02949-CAB (JMA), 2013 WL 12114622, at *2 n. 5 (S.D. Cal. July 19, 2013); Natividad v. Wells Fargo Bank, N.A., No. 3:12-cv-3646 JSC, 2013 WL 2299601, *4 (N.D. Cal. May 24, 2013); Hoilien v. OneWest Bank, FSB, No. CV. 11-00357 DAE-RLP, 2012 WL 1379318, at *16 (D. Haw. Apr. 20, 2012) ("[O]ne important factor in determining whether a 'mortgage servicing company' is a 'debt collector' is whether 'the debt was [ ] in default at the time it was assigned.'"). Plaintiff's amended complaint does not provide any factual basis to demonstrate that Defendant Select Portfolio meets the FDCPA's definition of debt collector nor does Plaintiff allege that the loan was in default at the time Defendant Select Portfolio began servicing the loan. Nonetheless, Defendant Select Portfolio apparently concedes that it is a debt collector for purposes of the FDCPA, asserting in the motion to dismiss that Plaintiff defaulted in 2011 following the loan modification and began filing a series of bankruptcy petitions in 2012 to discharge her obligations under the terms of the loan

modification. (ECF No. 25 at 5.)

In light of the concession, the Court will assume that Defendant Select Portfolio is a debt collector for purposes of Plaintiff's FDCPA claim. Even assuming Defendant Select Portfolio is a debt collector, however, Plaintiff does not state a claim for violation of the FDCPA.

Plaintiff's new theory in the SAC is that Defendant Select Portfolio's monthly statements mischaracterize the nature of her debt by failing to inform her that there will be a balloon payment (in addition to the Deferred Principal balance) owed at maturity. However, Plaintiff provides no authority for the proposition that "[t]he failure to include the large balloon payment in [the] monthly statements or any language tending to show that the loan is not fully amortized or that there would be an additional $206,000.00 balloon payment at maturity clearly misrepresents the character of the debt" in violation of § 1692e. (ECF No. 31 at 6.) Section 1692e provides, in relevant part, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt ... [including] [t]he false representation of ... the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2). Even if Defendant Select Portfolio omitted the specifics of the balloon payment from the monthly statements, there is no indication that the monthly statements made any false representation regarding the character, amount or legal status of her loan following the modification agreement. Although Plaintiff contends that Defendant Select Portfolio is liable under the FTCPA because it did not accurately set forth the amount due, (ECF. No. 31 at 6.), Plaintiff admits that the monthly statements identified Plaintiff's interest-bearing principal, deferred principal, and outstanding principal, and Plaintiff has not challenged those amounts. (SAC ¶ 15.) In other words, the billing statements accurately reflected the amount of her debt, irrespective of the timing of any payments on that amount. Plaintiff therefore fails to adequately allege that Defendant Select Portfolio engaged in a prohibited debt collection practice under the FDCPA.

To the extent Plaintiff seeks to challenge the validity of the underlying loan modification agreement, including the balloon payment, the FDCPA provides no basis for challenging the unconscionability or enforceability of a loan. See Azar v. Hayter, 874 F.Supp. 1314, 1317 (N.D.

Fla. 1995), affirmed without opinion in 66 F.3d 342 (11th Cir. 1995) (a purpose of the FDCPA is to protect consumers by eliminating abusive debt collection practices by debt collectors); Rendon v. Countrywide Home Loans, Inc., No. CV F 09–1584 LJO DLB, 2009 WL 3126400, *9 (E.D. Cal. Sept. 24, 2009) ("The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor").

Additionally, the Court finds that Plaintiff's FDCPA claim is barred by the applicable statute of limitations. The FDCPA requires that any action be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The allegedly violative conduct involves Plaintiff's assertion that beginning in 2015, Defendant Select Portfolio's monthly billing statements failed to inform her that the balloon payment of $206,381.36 also would be due at maturity of the loan. (SAC at ¶¶ 14, 15.) However, Plaintiff did not file her complaint in this action until 2018, more than one year after Defendant Select Portfolio began servicing her loan and sending her monthly billing statements, and nearly eight years after she entered into the loan modification.

The statute of limitations begins to run when a cause of action accrues, and generally a cause of action accrues on the date of the injury. Bernson v. Browning-Ferris Indus., 7 Cal. 4th 926, 931 (1994); see also Glover v. F.D.I.C., 698 F.3d 139, 149-50 (3d Cir. 2012) (affirming dismissal of FDCPA claim as time-barred and finding mortgagor's claim for violation of the FDCPA accrued, and one-year statute of limitations began to run, on date loan modification agreement was signed). The general rule of accrual of an action is modified by the discovery rule, which Plaintiff appears to be invoking by alleging that she learned about the balloon payment only after she sought the assistance of an attorney to review her loan in November 2017, and that she could not have discovered this provision earlier because the monthly statements from Defendant Select Portfolio did not disclose the balloon payment due at maturity. (SAC ¶¶ 16.) "[U]nder the doctrine of delayed discovery, accrual is delayed until the plaintiff discovers or should have discovered, through the exercise of reasonable diligence, all the facts essential to the cause of action." Gutierrez v. PNC Mortg., No. 10CV01770 AJB (RBB), 2012 WL 1033063, at *3 (S.D. Cal. Mar. 26, 2012) (internal citation omitted). Plaintiff admits in the amended

complaint that the 2010 loan modification agreement, which she read and signed, stated that the "balloon payment of $206,381.36 will be due on the maturity date." (SAC ¶ 13.) Plaintiff also admits that she began receiving monthly billing statements from Defendant Select Portfolio in 2015, which included the total amount of the outstanding principal balance of her loan. (SAC ¶¶ 14-15.)

As the district court previously pointed out, the discovery rule does not salvage Plaintiff's FDCPA claim because she fails to sufficiently allege, in more than a conclusory manner, why she could not have discovered the balloon payment provision (or the failure to include the balloon payment amount in her monthly statement) earlier and offers no justification for delaying accrual of the statute of limitations. That Plaintiff may not have understood in 2010 that the balloon payment applied to her is not sufficient, nor is her apparent disregard of the total amount of remaining principal owed on her loan as set forth in her monthly billing statements beginning in 2015. See, e.g., Gutierrez, 2012 WL 1033063, at *3 ("[T]he discovery rule does not salvage Plaintiff's claim because Plaintiff fails to sufficiently allege why he could not have discovered the alleged wrongdoing earlier. Any claims that he lacked access to the publicly recorded loan documents or that he failed to read his loan documents would be insufficient").

Insofar as Plaintiff is attempting to argue that her action is not time barred based on a continuing violation theory that each monthly billing statement restarted the limitations period, this argument also fails. "Under the [continuing violations] theory, the statute of limitations does not begin to run until the last [violation] occurs." See Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1332 (9th Cir. 1996); Joseph v. J.J. Mac Intyre Cos., 281 F. Supp. 2d 1156, 1159–62 (N.D. Cal. 2003) (applying the continuing violation doctrine to the FDCPA's statute of limitations period). As indicated above, Plaintiff has not adequately alleged a prohibited debt collection practice by Defendant Select Portfolio, much less a continuing practice sufficient to invoke the continuing violation theory.

### V. Conclusion and Order

For the reasons stated, the Court finds that Plaintiff has failed to state a cognizable claim for relief under the FDCPA and any such purported claim against Defendant Select Portfolio and

1 | Citibank is barred by the relevant statute of limitations.  Despite repeated opportunities, Plaintiff has been unable to cure the deficiencies in her complaint and thus further leave to amend is not warranted.  <u>Kendall</u>, 518 F.3d at 1051.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to dismiss, filed on July 11, 2018, is HEREBY GRANTED, and Plaintiff's second amended complaint is dismissed with prejudice.  Fed. R. Civ. P. 12(b)(6), 41(b);
2. This terminates the action in its entirety; and
3. The Clerk of the Court is directed to close this action.

IT IS SO ORDERED.

Dated: **August 21, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE